UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEITH HOOVER,

                                Plaintiff,

   v.                                                        3:07-cv-0009
COUNTY OF BROOME, et al,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

       Plaintiff Keith Hoover commenced the instant action pursuant to 42 U.S.C. § 1983 claiming that he was retaliated against for engaging in protected speech (reporting the assault of an inmate by corrections officers at the Broome County Jail) and denied various other rights. Plaintiff moved for a preliminary injunction directing Defendants to cease and desist from taking retaliatory action against Plaintiff, defaming him, and engaging in any verbal or physical harassment of Plaintiff while he works at the Broome County Correctional Facility. The parties presented oral argument on the issue on February 23, 2007. At that time, the Court indicated that, for reasons stated from the bench, it intended to deny the motion unless Plaintiff could provide medical evidence demonstrating that, akin to Ralph v. Lucent Technologies, Inc., 135 F.3d 166, 170-171 (2d Cir. 1998), (1) the harassment caused Plaintiff to breakdown; (2) returning to work was essential to Plaintiff's recovery; and (3) his disability was likely to worsen the longer he was out of work. The Court provided Plaintiff

additional time to gather the necessary evidence.  Absent such evidence, there is no irreparable harm justifying the issuance of injunctive relief.

Plaintiff has now submitted his medical evidence in the form of a March 1, 2007 affidavit from Chelen Sirianni.  Sirianni is a psychotherapist who holds a Master's Degree in counseling.  Sirianni has provided counseling for Plaintiff over the course of approximately fifteen hour long sessions.

As an initial matter, the Court questions whether Sirianni has the qualifications necessary to render opinions on the above-identified issues.  The information would be more compelling from a psychologist or physician.

Assuming Sirianni is qualified, in her affidavit she states that Plaintiff "remains under significant stress, particularly because of deep-rooted fears he will not be able to have a career in the criminal justice system and be precluded from working within the system in the future."  Sirianni Aff. at ¶ 13.  While these may be Plaintiff's sincere beliefs, there is no evidence in the record of any efforts by Defendants to terminate Plaintiff's employment or otherwise preclude him from working in the criminal justice system.  Thus, the proposed injunctive relief is not likely to remedy Plaintiff's concerns.

Sirianna's affidavit continues to state that "[i]t is my opinion, with a reasonable degree of professional certainty that [Plaintiff] would be at significant risk of regression if there are any attempts to have him to return to work at the Broome County Correctional Facility."  Sirianni Aff. at ¶ 14.  This statement is directly contrary to what the Court indicated was necessary to support a preliminary injunction.  It will be recalled that Plaintiff sought a preliminary injunction so that he *could* return to work at the Broome County Correctional Facility.  If Plaintiff were to work somewhere other than the Broome County Correctional

Facility, the sought-after injunction would be unnecessary. This Court advised Plaintiff that, to warrant injunctive relief, he would have to demonstrate that returning to work at the Broome County Correctional Facility was necessary to his recovery and that remaining out of work would worsen his condition. The opinion of Ms. Sirianni, however, is that returning Plaintiff to work at the Broome County Correctional Facility likely would be detrimental to his mental condition. Thus, Plaintiff has failed to demonstrate that returning to work at the Broome County Correctional Facility is an essential part of his treatment and recovery and, therefore, that the failure to provide injunctive relief is likely to result in irreparable harm.

      Sirianni continues to note that "[a]lthough I have some reservations about his promptly returning to work, I am also aware that it would be a tremendous benefit if he could return to a position within the criminal justice system in that it would alleviate a significant stressor, namely his fear that his career in criminal justice is over." Id. at ¶ 15. This statement is rather equivocal in that Sirianni initially questions whether Plaintiff should return to work in the near future. Regardless, Sirianni merely suggests that returning to *some job*, as opposed to his previous job, in the criminal justice field would be beneficial to Plaintiff. Whether Plaintiff should return to work in the criminal justice field is not the issue before the Court. The issue is whether the Court should enjoin Defendants from engaging in certain behavior so that Plaintiff can return to work at the Broome Correctional Facility. As noted, Sirianni clearly opined that Plaintiff should not return to work at the Broome Correctional Facility. Sirianni did not opine that Plaintiff could return to work at the Broome Correctional Facility if the Court granted the requested injunctive relief and that such a return to work would be necessary for Plaintiff's recovery. To the contrary, there is insufficient evidence in

the record demonstrating that it is necessary for Plaintiff's recovery that he return to work at the Broome County Correctional Facility.

For the foregoing reasons, and the reasons stated from the bench on February 23, 2007, Plaintiff's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated: March 2, 2007

Thomas J. McAvoy
Senior, U.S. District Judge